UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

New England Southern
Railroad Co.

    v.                                          Civil No. 07-CV-403-JL
                                                Opinion no. 2008 DNH 218 P

Boston and Maine Co.,
Springfield Terminal Railway Co.,
and Pan Am Railways, Inc.

**O R D E R**

This case involves this court's jurisdiction under the Interstate Commerce Commission Termination Act (ICCTA) over common law breach of contract claims.  The plaintiff, New England Southern Railroad Co., asks the court to reconsider its dismissal of the case for lack of subject matter jurisdiction.  New England S. R.R. Co. v. Boston and Maine Co., No. 07-403-JL, 2008 WL 4449420 (D.N.H. Sept. 30, 2008).  After oral argument, and for the following reasons, the plaintiff's motion is denied.

"[A] motion for reconsideration should be construed as a motion to alter or amend a judgment under Rule 59(e)."  Marie v. Allied Home Mtg. Corp., 402 F.3d 1, 7 (1st Cir. 2005); see also Fed. R. Civ. P. 59(e).  To prevail on a Rule 59(e) motion, the moving party must "demonstrate either that newly discovered evidence (not previously available) has come to light or that the

rendering court committed a manifest error of law." <u>Palmer v. Champion Mtg.</u>, 465 F.3d 24, 30 (1st Cir. 2006).  The plaintiff asks the court to rethink its prior order dismissing the complaint because (1) the court wrongly construed 49 U.S.C. § 10501(b) to vest jurisdiction over its breach of contract claims exclusively with the Surface Transportation Board (the "Board"); and (2) even if the Board possessed discretionary authority to hear its claims, the court should nonetheless exercise jurisdiction because the Board regularly refuses to hear claims for breach of contract.

As stated in the court's prior order, <u>New England S. R.R.</u>, 2008 WL 4449420, at *4, the plaintiff bears the burden of rebutting the presumption that a cause of action lies outside the district court's limited jurisdiction.  <u>See</u> <u>Kokkonen v. Guardian Life Ins. Co. of Am.</u>, 511 U.S. 375, 377 (1994); <u>see also</u> <u>United States v. Coloian</u>, 480 F.3d 47, 50 (1st Cir. 2007).  In attempting to do so, the plaintiff invokes a specific provision: § 10501(b) of the ICCTA.[1]  <u>See</u> 49 U.S.C. § 10501(b).  The uncompromising language of this statutory provision, however, grants the Board <u>exclusive</u> jurisdiction over any case involving

---

[1] The plaintiff cited this provision in the jurisdictional allegation in its complaint (document no. 1), in its objection to the motion to dismiss (document no. 12, pages 3, 4, and 6), and in its motion for reconsideration (document no. 15, page 4).

"transportation by rail carriers."  Id.; but see Pejepscot Indus. Park v. Me. Cent. R.R., 215 F.3d 195, 201 (1st Cir. 2000) (noting that "later sections of the ICCTA strongly suggest that certain actions may be filed in federal district court").  As courts have noted, "if Congress wishes to confer exclusive jurisdiction on a federal administrative agency and divest the district courts of that jurisdiction, it would be within its constitutional power to do so."  MCI Telecomm. Corp. v. Teleconcepts, Inc., 71 F.3d 1086, 1109 (3d Cir. 1995); cf. Mississippi v. Louisiana, 506 U.S. 73, 77-78 (1992) (noting that a grant of exclusive jurisdiction to one court "necessarily denies jurisdiction of such cases to any other federal court").

   The remaining statutory provisions cited by the plaintiff merely set forth a rail carrier's obligation to furnish safe and adequate service to rail cars, see 49 U.S.C. § 11121, and establish the Board's authority to set the rate of compensation to be paid to hire these cars, see id. § 11122.  The plaintiff cites, and the court's research reveals, no case in which these provisions were held to divest the Board of its exclusive jurisdiction over such matters, or to create concurrent

jurisdiction between the Board and federal courts.[2]  Indeed, in the lone case where a court has expressly confronted the propriety of federal jurisdiction premised upon either § 11121 or § 11122, jurisdiction was found to lie exclusively with the Board.  See DeBruce Grain, Inc. v. Union Pac. R.R., 983 F. Supp. 1280, 1283 (W.D. Mo. 1997) (noting that § 10501(b) "bestows exclusive authority upon the Board to impose remedies associated with a carrier's service, which would include a carrier's obligations under . . . 11121(a)(1)").

In its final argument that jurisdiction lies in this court, the plaintiff cites several District of Massachusetts cases in support of the proposition "that the adjudication of Car Hire claims alone convey[s] subject matter jurisdiction on this Court."  In the plaintiff's words, "this Court's [jurisdictional

---

[2] The only case cited by the plaintiff where jurisdiction was found based on the theory it has set forth, Clinchfield Railroad Co. v. Boston and Maine, 258 F.Supp. 467, 468 (S.D.N.Y.), is readily distinguishable from the matter before the court.  In Clinchfield, the court held that "[i]t would be both illogical and inequitable were [a rail] carrier precluded from suing in federal court for [car hire] charges after having provided such car service under federal direction, and while itself being subject to liability in federal court."  Id.  The Clinchfield case, however, was decided (1) well before the ICCTA was enacted in 1995, (2) under the ICCTA's predecessor statute, the Interstate Commerce Act, and (3) while the railroad industry was under the jurisdiction of the Interstate Commerce Commission, a federal agency that was abolished and replaced by the Surface Transportation Board.

dismissal] puts it at odds with its sister court in and for the District of Massachusetts," which "has retained jurisdiction over numerous Car Hire cases." The court's review of each of these cases, however, reveals that they support no such conclusions. The vast majority were settled early in the litigation process, while the few remaining cases were either dismissed for reasons unrelated to the plaintiff's jurisdictional claim, or are still pending before that court. Importantly, as the plaintiff acknowledged at oral argument, none of the cases included jurisdictional challenges, and the opinions contain no express jurisdictional rulings regarding the breach of contract claims.

This court's jurisdictional dismissal did not, as the plaintiff argues, leave its contract claims "in a legal 'no man's land.'"[3] While the plaintiff is correct that "there is no

---

[3] Although the plaintiff acknowledged this at oral argument, it correctly pointed out that the Board generally declines to adjudicate private contract disputes. See Burlington N., Inc. v. Chicago & N.W. Transp. Co., 649 F.2d 556, 558 (8th Cir. 1981)("The ICC [the predecessor to the Board] has primary authority to determine its own jurisdiction."). Indeed, the Board has previously issued an advisory opinion stating that Congress, by enacting the ICCTA, "expressly removed all matters and disputes arising from rail transportation contracts from the ICC's (and now the Board's) jurisdiction." Interpretation of the Term "Contract" in 49 U.S.C. 10709, STB Ex Parte No. 669, 2007 WL 934379, at *2 (Mar. 29, 2007); see also PCI Transp., Inc. v. Fort Worth & W. R.R. Co., STB Docket No. 42094 (Sub–1), 2008 WL 1840576, at *3 (Apr. 24, 2008) ("transportation provided under a contract is not subject to the Act and may not be challenged before the Board or the courts on the grounds that the contract

provision in ICCTA expressly mandating [Board] jurisdiction over contract claims such as those at issue here," the ICCTA does address jurisdiction over contracts entered into between rail carriers.  For example, the ICCTA expressly provides:

> The exclusive remedy for any alleged breach of a contract entered into under this section[4] <u>shall be an action in an appropriate State court</u> or United States district court, unless the parties otherwise agree.  This section <u>does not confer original jurisdiction on the district courts</u> of the United States based on section 1331 or 1337 of title 28, United States Code.

49 U.S.C. § 10709(c)(2) (emphasis added).  This provision authorizes the bringing of claims for breach of a contract entered into under the ICCTA in any court, state or federal, which possesses an independent basis for original jurisdiction; i.e., <u>inter alia</u>, a federal court sitting in diversity, <u>see</u> 28 U.S.C. § 1332(a), or a state court adjudicating an ordinary common law contract dispute.  Here, as complete diversity does not exist between the parties to this action, <u>see</u> <u>Olympic Mills</u>

---

violates the Act").  Standing alone, however, the fact that the Board would likely refuse to adjudicate the plaintiff's case does not confer jurisdiction on this court.

   [4] Contracts entered into under § 10709 include all contracts where "[o]ne or more rail carriers providing transportation subject to the jurisdiction of the Board under this part . . . enter into a contract with one or more purchases of rail services to provide specified services under specified rates and conditions."  49 U.S.C. § 10709(a).

Corp. v. Rivera Siaca, 477 F.3d 1, 6 (1st Cir. 2007), this court lacks original jurisdiction, which expressly is not conferred by § 10709(c)(2).  Accordingly, under § 10709(c)(2), the plaintiff's "exclusive remedy" for what it describes as its "contract" claim is "an action in an appropriate State court . . . ."[5]

Finally, the plaintiff has made it a point to correct the court's mischaracterization of its argument construing the ICCTA to confer jurisdiction over its breach of contract claims on both the Board and the courts.[6]  More accurately, the court should have pointed out that the plaintiff's argument, which appeared to suggest that there was concurrent jurisdiction over its claims, at least ostensibly invoked the reasoning employed by the court of appeals in Pejepscot.  See 215 F.3d at 199 ("despite the description in § 10501(b) of the [Board]'s jurisdiction as 'exclusive,' other sections of the ICCTA permit the filing of certain types of suits in federal district court").  To the

---

[5] As stated in the court's prior order, New England S. R.R., 2008 WL 4449420, at *9 n.4, the plaintiff's state-law contract claims may be subject to federal preemption.  The court expresses no opinion on this matter, but notes that the forum (i.e. state or federal court) has no bearing on federal preemption analysis.

[6] The court has relied on the plaintiff's opposition papers which both (1) acknowledged that the Board possessed "exclusive jurisdiction over 'the remedies provided in this part'"; and (2) argued that the court possessed jurisdiction over its breach of contract claims.  The plaintiff now makes clear that it never argued for concurrent jurisdiction.

extent that the plaintiff relies on Pejepscot as a jurisdictional foothold, that case is of no help.  In Pejepscot, the court of appeals determined only that under § 11704(c)(1) of the ICCTA, federal district courts and the Board possess concurrent jurisdiction over a shipper's claim that a rail carrier unlawfully refused to provide rail service upon reasonable request, an obligation imposed by § 11101(a).  See id. at 197.  The reasoning employed in Pejepscot is inapposite here because, among other reasons, the plaintiff has neither claimed that the defendants violated a specific obligation imposed by the ICCTA, nor invoked § 11704(c)(1) as a basis for jurisdiction.

After several attempts, the plaintiff still has not cited a provision of the ICCTA that establishes federal district court jurisdiction, concurrent or otherwise, over breach of contract claims involving rail transportation.  Absent a provision expressly conferring such jurisdiction, the court will construe § 10501(b) to means what it says: jurisdiction over the plaintiff's claims does not lie in this court.  The plaintiff's motion for reconsideration is denied, and the court's dismissal stands.

**SO ORDERED.**

/s/Joseph N. Laplante
Joseph N. Laplante
United States District Judge

Date: December 31, 2008
cc:  Martin P. Honigberg, Esq.
     Kevin M. O'Shea, Esq.
     Michael J. Connolly, Esq.